[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15509
Non-Argument Calendar

_____

D.C. Docket No. 8:11-cv-01338-EAJ

ROBERT JACOBS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 6, 2013)

Before DUBINA, Chief Judge, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Appellant Robert Jacobs appeals from a magistrate judge's judgment[1] affirming an administrative law judge's ("ALJ") denial of Jacobs's application for a period of disability and disability insurance benefits under Title II of the Social Security Act, as well as the ALJ's partial denial of Jacobs's application for supplemental security income under Title XVI of the Social Security Act. Among other severe impairments, the ALJ found that Jacobs suffered from the severe mental impairment of major depressive disorder, which caused moderate difficulties in maintaining his concentration, persistence, or pace. In assessing Jacobs's residual functional capacity ("RFC"), the ALJ reviewed the medical evidence and found that Jacobs's RFC included appropriate mental limitations to non-complex tasks. Accordingly, the ALJ included a limitation to one to three step non-complex tasks in Jacobs's RFC assessment as a result of his depression. In relying upon the testimony of a vocational expert, the ALJ found that Jacobs was not disabled until December 12, 2008, because, prior to that date, a significant number of jobs existed in the national economy that Jacobs could have performed. Accordingly, an ALJ found Jacobs wholly ineligible for a period of disability and disability insurance benefits and eligible for supplemental security income only as of December 12, 2008.

---

[1] The parties consented to have a magistrate judge conduct all proceedings in this case, including entry of a final judgment. See 28 U.S.C. § 636, *et seq.*

On appeal, Jacobs argues that substantial evidence does not support the ALJ's finding that he was not disabled before December 12, 2008, because he presented the vocational expert with incomplete hypothetical questions. Specifically, he argues that, pursuant to our decision in *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180-81 (11th Cir. 2011), the ALJ's hypothetical questions failed to account for his moderate difficulties in maintaining persistence or pace by simply restricting him to one to three step non-complex tasks.

We review the ALJ's decision in order to determine whether it is supported by substantial evidence, and whether the ALJ applied proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). We may not reweigh the evidence and decide facts anew and must defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

Eligibility for disability insurance benefits and supplemental security income requires that the claimant have a disability. 42 U.S.C. § 423(a)(1)(E); 42 U.S.C. § 1382(a)(1)-(2). In relevant part, a claimant is disabled if he is unable to engage in substantial gainful activity by reason of a medically determinable impairment

3

that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). The claimant bears the burden of proving his disability. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

In order to determine whether a claimant is disabled, the Social Security Administration applies a five-step sequential evaluation. 20 C.F.R. § 404.1520(a); 20 C.F.R. § 416.920(a). This process includes an analysis of whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe and medically-determinable impairment; (3) has such an impairment that meets or equals a Listing, and meets the duration requirements; (4) can perform his past relevant work, in light of his RFC; and (5) can make an adjustment to other work, in light of his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4).

In evaluating a claimant's mental impairment, the ALJ must follow a special technique in which she evaluates the claimant's degree of functional limitation in a number of areas, including the claimant's concentration, persistence, or pace. *See Moore v. Barnhart*, 405 F.3d 1208, 1213-14 (11th Cir. 2005); 20 C.F.R. § 404.1520a(a), (c)(3)-(4); 20 C.F.R. § 416.920a(a), (c)(3)-(4). Concentration, persistence, or pace refers to the claimant's ability to sustain focused attention and concentration sufficiently long enough to permit him to timely and appropriately

complete tasks that are commonly found in work settings. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(C)(3). The ALJ is required to incorporate the results of the special technique into her findings and conclusions. *Moore*, 405 F.3d at 1213-14. This technique, however, is separate from the ALJ's evaluation of the claimant's RFC assessment, the latter of which is an assessment of the claimant's ability to do work despite his impairments. *Winschel*, 631 F.3d at 1180; *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); 20 C.F.R. § 404.1545(a)(1); 20 C.F.R. § 416.945(a)(1). The mental RFC assessment is a more detailed assessment of the claimant's functionality. *See* Social Security Ruling ("SSR") 96-8p.

At the fifth step of the sequential evaluation, and after assessing the claimant's RFC, the ALJ must determine whether a significant number of jobs exist in the national economy that the claimant can perform. *Winschel*, 631 F.3d at 1180; 20 C.F.R. § 404.1520(a)(4)(v); 20 C.F.R. § 416.920(a)(4)(v). A claimant who can adjust to other work is not disabled. 20 C.F.R. § 404.1520(a)(4)(v), (g)(1); 20 C.F.R. § 416.920(a)(4)(v), (g)(1). The ALJ may make this determination by applying the Medical Vocational Guidelines, or by utilizing the testimony of a vocational expert. *Winschel*, 631 F.3d at 1180. When relying upon the testimony of a vocational expert, the ALJ must pose hypothetical questions to the vocational expert that encompass all of the claimant's impairments. *See id*. If

the ALJ presents the vocational expert with incomplete hypothetical questions, the vocational expert's testimony will not constitute substantial evidence. *See id*.

In *Winschel*, we held that an ALJ must account for any of the claimant's identified limitations in his ability to maintain his concentration, persistence, or pace, and rejected the argument that an ALJ satisfies this obligation by restricting the hypothetical questions to simple, routine tasks or unskilled work. *Id*. Nonetheless, we clarified that limiting the hypothetical questions to include only unskilled work sufficiently accounts for the claimant's limitations in maintaining his concentration, persistence, or pace where the medical evidence demonstrates that the claimant can engage in simple, routine tasks or unskilled work despite his limitations. *Id*. Turning to Winschel's claim, we noted that the ALJ did not indicate that the medical evidence suggested that his ability to work remained unaffected by his limitations in his ability to maintain his concentration, persistence, or pace, nor did the ALJ otherwise explicitly or implicitly account for those limitations in the hypothetical questions. *Id*. at 1181. Thus, we concluded that the hypothetical questions were incomplete, and that the vocational expert's testimony did not constitute substantial evidence in support of the ALJ's decision. *Id*.

Here, the ALJ found that the evidence demonstrated that Jacobs retained a limited ability to work despite his depression and associated moderate difficulties

6

in maintaining his concentration, persistence, or pace, and substantial evidence supports this finding.  The ALJ's hypothetical questions to the vocational expert fully accounted for Jacobs's moderate difficulties in maintaining his concentration, persistence, or pace by limiting him to one to three step non-complex tasks, consistent with the RFC assessment.  Accordingly, after a careful and thorough review of the administrative record and the parties' briefs, we affirm the magistrate judge's judgment affirming the ALJ's denial of benefits.

**AFFIRMED.**